Longworth, J.
With the decision of the commission in the former case of Lapham v. Martm, we are entirely satisfied. It has long been settled law in Ohio that limitations over of persona] property, by way of executory bequest, are valid, and have like effect and operation as in the case of executory devises of realty. And since the decision in Niles v. Gray, 12 Ohio *542 St. 320, followed and affirmed in Piatt v. Sinton, 37 Ohio St. 353, it cannot be doubted but that a devise or legacy, with such limitations as are contained in the will before us, operates to pass to the devisee or legatee an absolute estate in fee determinable only upon the happening of the contingencies provided for. It results from this that Mrs. Lapham owns her legacy of $600, and is entitled to the possession of it. To give her the interest only upon that sum, or the sum itself, only upon conditions not made by the testator, would be to refuse effect to his expressed intention in the will.
These plaintiffs have no vested interest whatever in this legacy, nor is it by any means certain that they ever will acquire such interest. Possibly there- may occur a contingency under which .they may become entitled to the legacy in the future, but such contingency is, after all, only a possibility imposed upon a possibility.
We do not deny that equity will protect this right, shadowy though it be, and will not permit the legatee to be guilty of waste or other acts which might operate to defraud the plaintiffs. But no such thing is alleged against her here. It surely does not follow from the fact that she is insolvent, and a resident of another state, that, therefore, she is about to waste or squander her legacy.
Perhaps in the case of a man or unmarried woman the fact of insolvency might lead to the inference that a receipt of such a legacy would be but a gift of it to creditors ; but here the charge of insolvency against Mrs. Lapham can mean nothing more than that she is pecuniarily irresponsible. Insolvency properly means inability to pay debts. It would be absurd to charge this against a married woman who cannot contract debts which she is unable to pay; seeing that it is only to the extent that she owns separate property that claims against her can be of any validity.
I may be permitted to suggest that possibly the true construction of this will is that Mrs. Lapham'should take her legacy absolutely unless in the event that she should die childless before the time of final distribution, in which case only should the children of testator receive it. I confess that I should my *543 self be inclined to regard this construction as extremely plausible were it not for the language of Lapham v. Martin, above cited. The view, however, which we have all taken of this ease renders the discussion of this unnecessary.

Judgment affirmed.

White, J., did not sit in this case.